IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00579-MSK-KLM

IN RE RYAN MCBEAN,

      Petitioner.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on **Petitioner Ryan McBean's Verified Petition for Authorization to Depose Detective Jay Spitzer Pursuant to Fed. R. Civ. P. 27** [Docket No. 1; Filed March 6, 2012] (the "Petition"). The Petition is referred to this Court for disposition [#4]. The Court has reviewed the Petition and the applicable law, and is fully advised in the premises. For the reasons stated below, the Court **DENIES** the Petition.

      Petitioner McBean seeks an order authorizing him to depose Detective Jay Spitzer and the Denver Police Department. [#1] at 1. Petitioner explains that he may have a cause of action against Detective Spitzer and the Denver Police Department arising from an arrest warrant effected against Petitioner on October 14, 2011. *Id.* at 1-3. Petitioner bases his request on the "heightened pleading standards" stated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). *Id.* at 1. Petitioner believes that he needs to depose Detective Spitzer and the Denver Police Department to obtain sworn testimony on which he can frame his expected complaint. *Id.*

1

Fed. R. Civ. P. 27 provides for the taking of a deposition to perpetuate testimony before an action is filed.  The Court may order the taking of a deposition pursuant to Rule 27 if it is "satisfied that perpetuating the testimony may prevent a failure or delay of justice." Fed. R. Civ. P. 27(a)(3).  A petitioner must include five categories of information in any Rule 27 petition: 1) a stated expectation that the petitioner will be a party in "an action cognizable in a United States court"; 2) the subject matter of the expected action; 3) the reasons for the requested testimony, and the facts anticipated to be established by the requested testimony; 4) identification of the possible adverse party (or parties) in the expected action; and 5) "the name, address, and expected substance of the testimony of each deponent." Fed. R. Civ. P. 27(a)(1).

"Most petitions to perpetuate testimony have been granted when a witness is aged or gravely injured and in danger of dying or there are geographical constraints."  *In re Lopez*, No. 10-cv-01149-BNB, 2010 WL 2802541, at *1 (D. Colo. July 15, 2010) (*citing see, e.g.*, *Texaco, Inc. v. Borda*, 383 F.2d 607 (3rd Cir. 1967) (permitting deposition of a witness of advanced age in suit that had been stayed pending resolution of parallel criminal prosecution); *Petition of Delta Quarries and Disposal, Inc.*, 139 F.R.D. 68 (M.D.Pa.1991) (deponent's condition was serious and only deponent had knowledge of activities at landfill before 1978 when physical records began to be kept); *In re Sims*, 389 F.2d 148, 150 (5th Cir. 1967) (potential deponent was imminently departing for Peru)).  However, "[g]eneral concerns about the passage of time and the fading of memories do not constitute a particularized showing that the testimony needs to be taken in advance of the contemplated action."  *Id.* at *2 (citations omitted).  Absent these described "special circumstances," Rule 27 petitions are generally denied.  *See id.*

2

Here, Petitioner's request is deficient for two primary reasons.  First, the Petition does not delineate with any particularity the expected facts to be established by the requested deposition, as required by Rule 27(a)(1).  Petitioner's failure to do so indicates to the Court that the request at issue is more akin to an impermissible fishing expedition.

Second, and perhaps more importantly, there are no allegations in the Petition giving rise to a sense of urgency or potential loss which, as described above, provide the underlying purpose of depositions pursuant to Rule 27.  The basis for the Petition is Petitioner's belief that *Twombly* and *Iqbal* have imposed a "heightened pleading standard," thus he should be permitted to impose a court-ordered deposition on potential defendants before an action is filed.  However, there are three problems with this contention: one, satisfaction of a pleading standard is not an accepted basis for granting a Rule 27 petition; two, the Tenth Circuit "concluded the *Twombly/Iqbal* standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do," *Khalik v. United Air Lines*, – F.3d –, 2012 WL 364058, at *2 (10th Cir. 2012) (internal quotations and citations omitted); and three, if Plaintiff's contention was adequate justification for a Rule 27 deposition, such would be permissible in virtually every case.

In sum, the Petition does not comply with the instructions prescribed by Rule 27(a)(1), and the stated reason for Petitioner's request is an insufficient basis for the granting of a Rule 27 petition.  Accordingly,

IT IS HEREBY **ORDERED** that the Petition is **DENIED**.  The Clerk of Court is directed to close this discovery dispute.

3

Dated:  March 8, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge